UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA )
)
v. ) No. 2:12-CR-002
)
BENITO GONZALEZ )

**O R D E R**

By judgment entered November 9, 2012, this court sentenced the defendant to a statutorily-mandated term of imprisonment of 120 months. Now before the court is the defendant's fourth *pro se* motion for sentence reduction [doc. 96]. By this most recent filing, the defendant asks the court to retroactively reduce his guideline range (and thus his sentence) by two levels based on his status as a deportable alien. The motion will be denied.

"[T]he court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). "Only two statutory provisions permit such a modification: 28 U.S.C. §§ 2106 and 2255, both of which are plainly inapplicable here." *United States v. Zabawa*, 134 F. App'x 60, 67 (6th Cir. 2005). Rule 35 is also inapplicable to the present motion, as that rule authorizes correction or reduction of sentence only: (1) upon a substantial assistance motion filed by the government; or (2) to "correct a sentence that resulted from arithmetical, technical, or other clear error" if done within 14 days after sentencing. *See* Fed. R. Crim. P. 35. The motion now before

the court is not brought by the government for substantial assistance, and Rule 35(a)'s 14-day window has long closed. Further, there was no "arithmetical, technical, or other clear error" in this case.

Beyond the 14-day period set by Rule 35(a), "the court has jurisdiction to amend the sentence only in conformity with Rule 36." *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004). Rule 36 allows the court to correct "clerical errors" or "errors in the record arising from oversight or omission." *See* Fed. R. Crim. P. 36. Rule 36 is available only to correct clerical errors, not to cure "unexpressed sentencing expectations." *Robinson*, 368 F.3d at 656-57. Again, no clerical error is cited by the defendant, and there was none.

As explained herein, the court has no authority to grant the requested relief at this time. Further, the court could not have departed downward (or varied downward) even on the day of sentencing. The defendant received the lowest possible term of imprisonment mandated by statute for the crimes to which he plead guilty. The court could only have departed below 120 months in this case if the prosecution had filed a motion pursuant to 18 U.S.C. § 3553(e), and only for reasons related to that motion. *See United States v. Williams*, 687 F.3d 283, 286 (6th Cir.2012). No 3553(e) motion was filed in this case.

2

Case 2:12-cr-00002-RLJ Document 97 Filed 04/05/17 Page 2 of 3 PageID #: 361

The defendant's "Motion for Downward Departure for Unforseen [sic] Collateral Consequences in Punishment as Alien not Suffered by Identical United States Citizen (Deportable Alien Pursuant to U.S.C. § 3553 [sic]" [doc. 96] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge